# EXHIBIT A



**E-Notice**

**2015-CH-15541**

CALENDAR: 15

To:  Katrina Carroll
     kcarroll@litedepalma.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**BETH  SELTZER vs. VASCO DATA SECURITY INTL, INC.**
**2015-CH-15541**

The transmission was received on 10/22/2015 at 11:35 AM and was ACCEPTED with
the Clerk of the Circuit Court of Cook County on 10/22/2015 at 11:41 AM.

**CHANCERY_ACTION_COVER_SHEET (CHANCERY DIVISION)**

**COMPLAINT**

Filer's Email:   kcarroll@litedepalma.com
Filer's Fax:     (973) 623-0858
Notice Date:     10/22/2015 11:41:47 AM
Total Pages:     21

**DOROTHY BROWN**
**CLERK OF THE CIRCUIT COURT**
COOK COUNTY
RICHARD J. DALEY CENTER, ROOM 1001
CHICAGO, IL 60602

(312) 603-5031
courtclerk@cookcountycourt.com

Chancery Division Civil Cover Sheet - General Chancery Section      (Rev. 6/15/09) CCCH 0623

## IN THE CIRCUIT CIVIL COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, COUNTY DIVISION

BETH SELTZER

v.              **Plantiff**

VASCO DATA SECURITY INTL, INC.

             **Defendant**

} **No.**

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
CALENDAR: 15
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the line in front of the appropriate category which best characterizes your action being filed.

0005 ☐ **Administrative Review**
0001 ☐ **Class Action**
0002 ☐ **Declaratory Judgment**
0004 ☐ **Injunction**

0007 ☑ **General Chancery**
0010 ☐ **Accounting**
0011 ☐ **Arbitration**
0012 ☐ **Certiorari**
0013 ☐ **Dissolution of Corporation**
0014 ☐ **Dissolution of Partnership**
0015 ☐ **Equitable Lien**
0016 ☐ **Interpleader**
0017 ☐ **Mandamus**
0018 ☐ **Ne Exeat**

0019 ☐ **Partition**
0020 ☐ **Quiet Title**
0021 ☐ **Quo Warranto**
0022 ☐ **Redemption Rights**
0023 ☐ **Reformation of a Contract**
0024 ☐ **Rescission of a Contract**
0025 ☐ **Specific Performance**
0026 ☐ **Trust Construction**
0027 ☐ **Foreign Transcript**
0085 ☐ **Petition to Register Foreign Judgment**
    ☐ **Other (specify)** _____

**By:** /s KATRINA CARROLL _____
      **Attorney**             **Pro Se**

**Atty. No.:** 47274 _____
**Name:** LITE DEPALMA GREENBERG LLC _____
**Atty. for:** BETH SELTZER _____
**Address:** 1 S DEARBORN#2100 _____
**City/State/Zip:** CHICAGO, IL 60603 _____
**Telephone:** (312) 212-4383 _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
CALENDAR: 15
PAGE 1 of 20
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| BETH SELTZER, Derivatively on Behalf of VASCO Data Security International, Inc., | Case No.: |
| Plaintiff, | |
| v. | |
| T. KENDALL HUNT, MICHAEL P. CULLINANE, JOHN N. FOX, JR., JEAN K. HOLLEY, MATTHEW MOOG, CLIFFORD K. BOWN, and JAN VALCKE, | |
| Defendants, | |
| and, | |
| VASCO Data Security International, Inc., | |
| Nominal Defendant. | |

## **COMPLAINT**

Plaintiff Beth Seltzer ("Plaintiff"), by and through her undersigned counsel, derivatively on behalf of Nominal Defendant VASCO Data Security International, Inc. ("VASCO" or the "Company"), submits this Verified Shareholder Derivative Complaint (the "Complaint"). Plaintiff's allegations are based upon her personal knowledge as to herself and her own acts, and upon information and belief, developed from the investigation and analysis by Plaintiff's counsel, including a review of publicly available information, including filings by VASCO with the U.S. Securities and Exchange Commission ("SEC"), press releases, news reports, analyst reports, investor conference transcripts, publicly available filings in lawsuits, and matters of public record.

## **NATURE OF THE ACTION**

1.      This is a shareholder derivative action brought in the right, and for the benefit, of VASCO against certain of its officers and directors seeking to remedy Defendants' (as defined below) breach of fiduciary duties, gross mismanagement and unjust enrichment that occurred from February 18, 2014 through the present (the "Relevant Period") and have caused substantial harm to VASCO.

2.      VASCO purports to design, develop, market, and support hardware and software security systems that manage and secure access to information assets worldwide.  The Company sells its security solutions through its direct sales force, distributors, resellers, and systems integrators.  VASCO was founded in 1991, is headquartered in Oakbrook Terrace, Illinois.

3.      Throughout the Relevant Period, Defendants caused the Company to issue materially false and misleading statements regarding its business, operational and compliance policies.  Specifically, Defendants caused the Company to issue false and/or misleading statements, which failed to disclose that: (a) VASCO's products were illegally sold to parties in Iran in violation of federal laws prohibiting such sales; and (b) the Company lacked adequate internal controls.

4.      On July 21, 2015, Defendants caused the Company to announce "that certain of its products which were sold by a VASCO European subsidiary to a third-party distributor may have been resold by the distributor to parties in Iran, potentially including parties" subject to U.S. economic sanctions.  Additionally, the Company press release stated:

> The Audit Committee of the Company's Board of Directors has initiated an internal investigation to review this matter with the assistance of outside counsel.  VASCO has stopped all shipments to such distributor pending the outcome of the investigation which will include a review and recommendations to improve, if necessary, VASCO's applicable compliance procedures regarding these matters.
>
> As a precautionary matter, concurrent initial notices of voluntary disclosure were submitted on June 25, 2015 with each of the U.S. Department of the Treasury, Office

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 2 of 20

of Foreign Assets Control ("OFAC"), and the U.S. Department of Commerce, Bureau of Industry and Security ("BIS"). The Company will file a further report with each of OFAC and BIS after completing its review and fully intends to cooperate with both agencies. Total VASCO revenues from all sales to the particular distributor during the period relevant to review by OFAC and BIS (June 1, 2010 through June 25, 2015) were approximately $3.1 million.

5.         On this news, VASCO stock fell $0.86, or over 3.22%, on unusually heavy volume, to close at $25.83 on July 22, 2015.

## THE PARTIES

**Plaintiff**

6.         ***Plaintiff Beth Zeltzer*** is, and was at relevant times, a shareholder of VASCO. Plaintiff will fairly and adequately represent the interests of the shareholders in enforcing the rights of the corporation. Plaintiff is a resident of the State of New York.

**Nominal Defendant**

7.         ***Nominal Defendant VASCO*** purports to design, develop, market, and support hardware and software security systems that manage and secure access to information assets worldwide. The Company sells its security solutions through its direct sales force, distributors, resellers, and systems integrators. VASCO was founded in 1991 and is headquartered in Oakbrook Terrace, Illinois (DuPage County).

**Director Defendants**

8.         ***Defendant T. Kendall Hunt*** ("Hunt") has been the Company's Chief Executive Officer ("CEO") and Chairman of the Board of Directors ("Board") at all relevant times.  Hunt owns 22.87% of the outstanding shares of Company common stock. Upon information and belief, Hunt is a citizen of Illinois (Cook County).

9.         ***Defendant Michael P. Cullinane*** ("Cullinane") has been a director of the Company since April 1998. Cullinane is the Chairman of the Company's Audit Committee and a

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 3 of 20

3

member of the Compensation Committee and the Corporate Governance and Nominating Committee. Cullinane owns 161,434 shares of Company common stock. Further, Cullinane earned as a director $63,500 in fees and $95,047 in stock awards for a total of $158,547 in 2014. Upon information and belief, Cullinane is a citizen of Illinois (Cook County).

10.    ***Defendant John N. Fox, Jr.*** ("Fox") has been a director of the Company since April 2005. Fox is Chairman of the Compensation Committee and is a member of the Audit Committee and the Corporate Governance and Nominating Committee. Fox owns 94,727 shares of Company stock. Further, Fox earned as a director $62,000 in fees and $95,047 in stock awards for a total of $157,047 in 2014. Upon information and belief, Fox is a citizen of California.

11.    ***Defendant Jean K. Holley*** ("Holley") has been a director of the Company since August 2006. Holly is Chair of the Corporate Governance and Nominating Committee and a member of the Audit Committee and Compensation Committee. Holley owns 85,654 shares of Company stock. Further, Holley earned as a director $59,500 in fees and $95,047 in stock awards for a total of $154,547 in 2014. Upon information and belief, Holley is a citizen of Georgia.

12.    ***Defendant Matthew Moog*** ("Moog") has been a director of the Company since December 2012. Moog is a member of the Audit Committee, Compensation Committee and Corporate Governance and Nominating Committee. Moog owns 24,740 shares of Company stock. Further, Moog earned as a director $55,000 in fees and $95,047 in stock awards for a total of $150,047 in 2014. Upon information and belief, Moog is a citizen of Illinois (Cook County).

**Officer Defendant**

13.    ***Defendant Clifford K. Bown*** ("Bown") is the Company's Executive Vice President, Chief Financial Officer ("CFO") and Secretary and has served as the Company's Chief Financial Officer since 2002. Upon information and belief, Bown is a citizen of Illinois (DuPage

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 4 of 20

4

County).

14.      **_Defendant Jan Valcke_** ("Valcke") has served as the Company's President and Chief Operating Officer ("COO") since 2002.  Valcke has been an officer of the Company since 1996.  Upon information and belief, Valcke is a citizen of Belgium

15.      Defendants Hunt, Cullinane, Fox, Holley and Moog are herein referred to as the "Director Defendants" or "Demand Defendants."

16.      Defendant Bown and Valcke are referred to hereinafter as the "Officer Defendants."

17.      Defendants Hunt, Cullinane, Fox, Holley, Moog, Bown and Valcke are herein referred to as "Defendants."

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 5 of 20

## CODE OF BUSINESS CONDUCT AND ETHICS

18.      As members of VASCO's Board, the Demand Defendants were held to the highest standards of honesty and integrity and charged with overseeing the Company's business practices and policies, and assuring the integrity of its financial and business records.

19.      Further, the conduct of Defendants complained of herein involves a knowing and culpable violation of their obligations as directors and officers of VASCO, the absence of good faith on their part, and a reckless disregard for their duties to the Company and its investors that Defendants were aware posed a risk of serious injury to the Company.

20.      The Company's Code of Conduct and Ethics stated:

The Code begins with the principle that all of the Company's directors, executive officers and employees (collectively, "Employees and Directors") will abide by and obey all laws and regulations that are applicable to our business in whatever country we conduct business.  We will not depart from the letter and spirit of the law under any circumstances: not to make a profit; not to make a customer happy; not to protect a fellow employee.  If the law conflicts with this Code, comply with the law.  If the local custom conflicts with this Code, comply with the Code.

*     *     *

We begin with ethical and moral objectives for "Which We Stand".

1.      Compliance with Laws Obeying the law, both in letter and spirit, is the foundation on which this Company's ethical standards are built. All Employees and **Directors must obey the laws of the cities, states, and countries in which we operate**. Although not every Employee and Director can be expected to know the details of these laws, it is important to know enough to determine when to seek advice from supervisors, managers or other appropriate personnel. (Emphasis added).

## DUTIES OF DEFENDANTS

21.      By reason of their positions as officers and/or directors of the Company, and because of their ability to control the business and corporate affairs of VASCO, Defendants owed VASCO and its investors the fiduciary obligations of trust, loyalty, and good faith. The obligations required Defendants to use their utmost abilities to control and manage VASCO in an honest and lawful manner. Defendants were and are required to act in furtherance of the best interests of VASCO and its investors.

22.      Each director of the Company owes to VASCO and its investors the fiduciary duty to exercise loyalty, good faith, and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets. In addition, as officers and/or directors of a publicly held company, Defendants had a duty to promptly disseminate accurate and truthful information with regard to the Company's operations, finances, and financial condition, as well as present and future business prospects, so that the market price of the Company's stock would be based on truthful and accurate information.

23.      To discharge their duties, the officers and directors of VASCO were required to exercise reasonable and prudent supervision over the management, policies, practices, and controls of the affairs of the Company. By virtue of such duties, the officers and directors of VASCO were

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 6 of 20

required to, among other things:

      (a)    ensure that the Company complied with its legal obligations and requirements, including acting only within the scope of its legal authority and disseminating truthful and accurate statements to the SEC and the investing public;

      (b)    conduct the affairs of the Company in an efficient, businesslike manner so as to make it possible to provide the highest quality performance of its business, to avoid wasting the Company's assets, and to maximize the value of the Company's stock;

      (c)    remain informed as to how VASCO conducted its operations, and, upon receipt of notice or information of imprudent or unsound conditions or practices, make reasonable inquiries in connection therewith, take steps to correct such conditions or practices, and make such disclosures as necessary to comply with federal and state securities laws;

      (d)    ensure that the Company was operated in a diligent, honest, and prudent manner in compliance with all applicable federal, state and local laws, and rules and regulations; and

      (e)    ensure that all decisions were the product of independent business judgment and not the result of outside influences or entrenchment motives.

24.    Each defendant, by virtue of his position as a director and/or officer, owed to the Company and to its shareholders the fiduciary duties of loyalty, good faith, and the exercise of due care and diligence in the management and administration of the affairs of the Company, as well as in the use and preservation of its property and assets. The conduct of Defendants complained of herein involves a knowing and culpable violation of their obligations as directors and officers of VASCO, the absence of good faith on their part, and a reckless disregard for their duties to the Company and

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 7 of 20

its shareholders that the Defendants were aware, or should have been aware, posed a risk of serious injury to the Company.

## **MATERIALLY FALSE AND MISLEADING STATEMENTS**

25.     On February 18, 2014, Defendants caused the Company to issue a press release, announcing the Company's financial and operating results for the fourth quarter and full year ended December 31, 2013.  For the fourth quarter, the Company announced net income of $3.23 million, or $0.08 per share on a diluted basis, on revenue of $43.27 million, compared to net income of $2.02 million, or $0.05 per share on a diluted basis, on revenue of $38.84 million for same period in the prior year.   For the full year, the Company reported net income of $11.5 million, or $0.28 per diluted share, on revenue of $155.05 million, compared to net income of $15.60 million, or $0.40 per diluted share, on revenue of $154.03 million for the prior year.

26.     On March 12, 2014, Defendants caused the Company to file a Form 10-K with the SEC, which was signed by Defendants Hunt and Bown, and reiterated the Company's previously announced quarterly and fiscal year-end financial results and financial position.  The Form 10-K also contained signed certifications by Defendants Hunt and Bown pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), stating that the financial information contained in the Form 10-K was accurate and disclosed any material changes to the Company's internal control over financial reporting.

27.     On April 24, 2014, Defendants caused the Company to issue a press release, announcing the Company's financial and operating results for the first quarter ending March 31, 2014.  The Company reported net income of $3.51 million, or $0.09 per diluted share, on revenue of $38.82 million, compared to net income of $2.79 million, or $0.07 per diluted share, on revenue of $35.37 million, for the same period in the prior year.

28.     On May 6, 2014, Defendants caused the Company to file a Form 10-Q with the

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 8 of 20

SEC which was signed by Defendants Hunt and Bown, and reiterated the Company's previously announced quarterly financial results and financial position. Further, the Form 10-Q also contained signed certifications pursuant to SOX by Defendants Hunt and Bown, stating that the financial information contained in the Form 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

29.      On July 24, 2014, Defendants caused the Company to issue a press release, announcing the Company's financial and operating results for the second quarter ending June 30, 2014. The Company reported net income of $6.89 million, or $0.17 per diluted share, on revenue of $47.65 million, compared to net income of $1.81 million, or $0.05 per diluted share, on revenue of $37.26 million, for the same period in the prior year.

30.      On August 5, 2014, Defendants caused the Company to file a Form 10-Q with the SEC which was signed by Defendants Hunt and Bown, and reiterated the Company's previously announced quarterly financial results and financial position. The Form 10-Q also contained signed certifications pursuant to SOX by Defendants Hunt and Bown, stating that the financial information contained in the Form 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

31.      On October 28, 2014, Defendants caused the Company to issue a press release, announcing the Company's financial and operating results for the third quarter ending September 30, 2014. The Company reported net income of $11.16 million, or $0.28 per diluted share, on revenue of $52.63 million, compared to net income of $3.32 million, or $0.08 per diluted share, on revenue of $39.16 million, for the same period in the prior year.

32.      On November 4, 2014, Defendants caused the Company to file a Form 10-Q with the SEC which was signed by Defendants Hunt and Bown, and reiterated the Company's previously

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 9 of 20

announced quarterly financial results and financial position. The Form 10-Q also contained signed certifications pursuant to SOX by Defendants Hunt and Bown, stating that the financial information contained in the Form 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

33.     On February 17, 2015, Defendants caused the Company to issue a press release, announcing the Company's financial and operating results for the fourth quarter and full year ended December 31, 2014. For the fourth quarter, the Company announced net income of $11.92 million, or $0.30 per share on a diluted basis, on revenue of $62.43 million, compared to net income of $3.23 million, or $0.08 per share on a diluted basis, on revenue of $43.27 million for same period in the prior year. For the full year, the Company reported net income of $33.48 million, or $0.85 per diluted share, on revenue of $201.54 million, compared to net income of $11.5 million, or $0.28 per diluted share, on revenue of $155.05 million for the prior year.

34.     On March 13, 2015, Defendants caused the Company to file a Form 10-K with the SEC which was signed by Defendants Hunt and Bown, and reiterated the Company's previously announced quarterly and fiscal year-end financial results and financial position. The Form 10-K also contained signed certifications pursuant to SOX by Defendants Hunt and Bown, stating that the financial information contained in the Form 10-K was accurate and disclosed any material changes to the Company's internal control over financial reporting.

35.     On April 28, 2015, Defendants caused the Company to issue a press release, announcing the Company's financial and operating results for the first quarter ending March 31, 2015. The Company reported net income of $13.63 million, or $0.34 per diluted share, on revenue of $65.14 million, compared to net income of $3.51 million, or $0.09 per diluted share, on revenue of $38.82 million, for the same period in the prior year.

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 10 of 20

36.     On May 5, 2015, Defendants caused the Company to file a Form 10-Q with the SEC which was signed by Defendants Hunt and Bown, and reiterated the Company's previously announced quarterly financial results and financial position.  The Form 10-Q contained signed certifications pursuant to SOX by Defendants Hunt and Bown, stating that the financial information contained in the Form 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

37.     The statements referenced in ¶¶ 25-36 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts, which were known to Defendants or recklessly disregarded by them, including that: (a) VASCO's products were illegally sold to parties in Iran in violation of federal laws prohibiting such sales; (b) the Company lacked adequate internal controls; and (c) as a result of the foregoing, VASCO's public statements were materially false and misleading at all relevant times.

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 11 of 20

## **THE TRUTH IS DISCLOSED**

38.     On July 21, 2015, VASCO announced "that certain of its products which were sold by a VASCO European subsidiary to a third-party distributor may have been resold by the distributor to parties in Iran, potentially including parties" subject to U.S. economic sanctions.  In addition, the Company's announcement further stated:

> The Audit Committee of the Company's Board of Directors has initiated an internal investigation to review this matter with the assistance of outside counsel.  VASCO has stopped all shipments to such distributor pending the outcome of the investigation which will include a review and recommendations to improve, if necessary, VASCO's applicable compliance procedures regarding these matters.
>
> As a precautionary matter, concurrent initial notices of voluntary disclosure were submitted on June 25, 2015 with each of the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC"), and the U.S. Department of Commerce, Bureau of Industry and Security ("BIS"). The Company will file a further report with each of OFAC and BIS after completing its review and fully intends to cooperate with both agencies. Total VASCO revenues from all sales to the particular distributor

during the period relevant to review by OFAC and BIS (June 1, 2010 through June 25, 2015) were approximately $3.1 million.

39.     As a result of this news, shares of the Company fell $0.86, or over 3.22%, on unusually heavy volume, to close at $25.83 on July 22, 2015.

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

40.     Plaintiff brings this action derivatively in the right and for the benefit of the Company to redress injuries suffered and to be suffered as a direct and proximate result of the breaches of fiduciary duties and gross mismanagement by Defendants.

41.     Plaintiff will adequately and fairly represent the interests of the Company and its shareholders in enforcing and prosecuting its rights and has retained counsel competent and experienced in derivative litigation.

42.     Plaintiff is a current owner of the Company stock and has continuously been an owner of Company stock during Defendants' wrongful course of conduct alleged herein. Plaintiff understands her obligation to hold stock throughout the duration of this action and is prepared to do so.

43.     During the illegal and wrongful course of conduct at the Company and through the present, the Board consisted of the Demand Defendants. Because of the facts set forth throughout this Complaint, demand on the Company Board to institute this action is not necessary because such a demand would have been a futile and useless act.

44.     The Company Board is currently comprised of five (5) members – Defendants Hunt, Cullinane, Fox, Holley and Moog. Thus, Plaintiff is required to show that a majority of the Demand Defendants, *i.e.*, three (3), cannot exercise independent objective judgment about whether to bring this action or whether to vigorously prosecute this action.

45.     The Demand Defendants either knew or should have known of the false and

misleading statements that were issued on the Company's behalf and took no steps in a good faith effort to prevent or remedy that situation.

46.     The Demand Defendants (or at the very least a majority of them) cannot exercise independent objective judgment about whether to bring this action or whether to vigorously prosecute this action.  For the reasons that follow, and for reasons detailed elsewhere in this complaint, Plaintiff has not made (and should be excused from making) a pre-filing demand on the Board to initiate this action because making a demand would be a futile and useless act.

47.     Each of the Demand Defendants approved and/or permitted the wrongs alleged herein to have occurred and participated in efforts to conceal or disguise those wrongs from the Company's stockholders or recklessly and/or with gross negligence disregarded the wrongs complained of herein, and are therefore not disinterested parties.

48.     Each of the Demand Defendants authorized and/or permitted the false statements to be disseminated directly to the public and made available and distributed to shareholders, authorized and/or permitted the issuance of various false and misleading statements, and are principal beneficiaries of the wrongdoing alleged herein, and thus, could not fairly and fully prosecute such a suit even if they instituted it.

49.     Because of their participation in the gross dereliction of fiduciary duties, and breaches of the duties of due care, good faith, and loyalty, Defendant Hunt is unable to comply with his fiduciary duties and prosecute this action.  He is in a position of irreconcilable conflict of interest in terms of the prosecution of this action and defending himself in the securities fraud class action lawsuit brought under the Securities Exchange Act of 1934.

50.     Additionally, each of the Demand Defendants received payments, benefits, stock options, and other emoluments by virtue of their membership on the Board and their control of the

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 13 of 20

Company.

## **THE DEMAND DEFENDANTS ARE NOT INDEPENDENT OR DISINTERESTED**

### **Defendant Hunt**

51.     Defendant Hunt is not disinterested or independent, and therefore, is incapable of considering demand because Hunt (as CEO) is an employee of the Company who derives substantially all of his income from his employment with VASCO, making him not independent. As such, Hunt cannot independently consider any demand to sue himself for breaching his fiduciary duties to VASCO, because that would expose him to liability and threaten his livelihood.

52.     Accordingly, Hunt lacks independence from Defendants Cullinane, Fox, Holley, and Moog, defendants who are not disinterested and who exert influence over Hunt's compensation by virtue of their positions as representing the entire Compensation Committee.

53.     This lack of independence and financial benefits received by Hunt renders him incapable of impartially considering a demand to commence and vigorously prosecute this action.

54.     Further, Hunt received from the Company $2,196,576 in compensation in 2014, including stock awards, Non-Equity Incentive Plan Compensation, and other compensation. Hunt beneficially owns 22.8%, or 9,096,965 shares, of Company common stock. As the leader of the Company, and as the maker of the false and misleading statements of material fact as alleged herein, Hunt breached his fiduciary duties. As the most plausible inference is that the allegations alleged herein was widespread and systemic at the Company, Hunt knowingly engaged in, facilitated, concealed, and failed to disclose the fraud, or recklessly turned a blind eye to it.

### **Defendants Cullinane, Fox, and Holley**

55.     Defendants Cullinane, Fox and Holley are being paid in deferred common stock and have over 84,000 shares of vested deferred common stock. Based upon the closing share price

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 14 of 20

on December 31, 2014 of $28.21 per share, this represents approximately $2,370,000 of common stock for each director, or approximately fifteen times their total annual director fees.

56.     As the most plausible inference is that the fraud alleged herein was widespread and systemic at the Company, Cullinane, Fox and Holley knowingly engaged in, facilitated, concealed, and failed to disclose the fraud, or recklessly turned a blind eye to it.  As a result of Cullinane, Fox and Holley substantial equity interest in the Company, they are beholden to Hunt and other Officer Defendant and have a vested interest in causing the Company stock price to be as high as possible.

**Defendants Cullinane, Fox, Holley, and Moog**

57.     Defendants Cullinane, Fox, Holley, and Moog served as members of the Audit Committee.  Pursuant to the Company's Audit Committee Charter, the purposes of the Committee are to assist the Board in fulfilling its oversight responsibilities related to: (i) the integrity of the Company's financial statements; (ii) the Company's internal accounting and financial reporting controls; (iii) the Company's compliance with legal and regulatory requirements; (iv) the Company's risk assessment and risk management regarding financial reporting and legal compliance; (v) the registered public accounting firm's qualifications and independence; and (vi) the performance of the registered public accounting firm.

58.     Defendants Cullinane, Fox, Holley, and Moog breached their fiduciary duties of due care, loyalty, and good faith, because the Audit Committee, *inter alia*, allowed or permitted false and misleading statements to be disseminated in the Company's SEC filings and other disclosures and, otherwise, failed to ensure that adequate internal controls were in place regarding the serious accounting issues and deficiencies discussed herein.  Thus, Cullinane, Fox, Holley, and Moog face a substantial likelihood of liability for their breach of fiduciary duties and any demand upon them is futile.

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 15 of 20

**Defendants Hunt, Cullinane, Fox, Holley, and Moog**

59.     Defendants Hunt, Cullinane, Fox, Holley, and Moog each signed the false and misleading 2014-2015 Form 10-Ks.  These Form 10-Ks were false and misleading because they failed to disclose the actions of the Company's subsidiaries and made false and misleading statements regarding the Company's internal controls.  Thus, Hunt, Cullinane, Fox, Holley, and Moog each face a substantial likelihood of liability for their breach of fiduciary duties and any demand upon them is futile.

60.     In addition, all of the members of the Board are interested because they potentially face a substantial likelihood of liability in connection with the Audit Committee's purported "internal investigation" into illegal sales of the Company's products to parties in Iran in violation of federal laws prohibiting such sales.  In fact, the Audit Committee, which consists of Cullinane, Fox, Holley, and Moog, cannot possibly perform an "independent" investigation, because, in light of the Company's illegal conduct and material internal controls deficiencies, which led to such conduct, the Audit Committee members have been charged with investigating their own conduct.  Therefore, demand is excused.

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 16 of 20

## FIRST CAUSE OF ACTION

### Against Defendants for Breach of Fiduciary Duties

61.     Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

62.     Defendants owe the Company fiduciary obligations.  By reason of their fiduciary relationships, Defendants owed and owe the Company the highest obligation of good faith, fair dealing, loyalty, and due care.

16

63.     Defendants violated and breached their fiduciary duties of care, loyalty, reasonable inquiry, and good faith.

64.     Defendants engaged in a sustained and systematic failure to properly exercise their fiduciary duties.  Among other things, Defendants breached their fiduciary duties of loyalty and good faith by allowing the Company to improperly misrepresent the Company's publicly reported financials and internal controls.  These actions could not have been a good faith exercise of prudent business judgment to protect and promote the Company's corporate interests.

65.     As a direct and proximate result of Defendants' failure to perform their fiduciary obligations, the Company has sustained significant damages.  As a result of the misconduct alleged herein, Defendants are liable to the Company.

66.     As a direct and proximate result of Defendants' breach of their fiduciary duties, the Company has suffered damage, not only monetarily, but also to its corporate image and goodwill. Such damage includes, among other things, costs associated with defending securities lawsuits, severe damage to the share price of the Company, resulting in an increased cost of capital, the waste of corporate assets, and reputational harm.

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 17 of 20

## SECOND CAUSE OF ACTION

### Against Defendants for Gross Mismanagement

67.     Plaintiff incorporates by reference and re-alleges each allegation contained above, as though fully set forth herein.

68.     By their actions alleged herein, Defendants, either directly or through aiding and abetting, abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of the Company in a manner consistent with the operations of a publicly held corporation.

69.     As a direct and proximate result of Defendants' gross mismanagement and breaches of duty alleged herein, the Company has sustained significant damages.

70.     Because of the misconduct and breaches of duty alleged herein, Defendants are liable to the Company.

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 18 of 20

## **THIRD CAUSE OF ACTION**

### **Against Defendants for Unjust Enrichment**

71.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as though fully set forth herein.

72.     By their wrongful acts and the omissions of material fact that they caused to be made, Defendants were unjustly enriched at the expense of, and to the detriment of, the Company.

73.     Defendants either received bonuses, stock options, or similar compensation from the Company that was tied to the financial performance or artificially inflated valuation of the Company or received compensation that was unjust in light of the Defendants' bad faith conduct.

74.     Plaintiff, as a shareholder and a representative of the Company, seeks restitution from Defendants and seek an order from this Court disgorging all profits, benefits, and other compensation, including any performance-based or valuation-based compensation, obtained by Defendants due to their wrongful conduct and breach of their fiduciary duties.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment as follows:

A.     Determining that this action is a proper derivative action maintainable under law, and that demand is excused;

B.     Awarding, against all Defendants and in favor of the Company, the damages sustained by the Company as a result of Defendants' breaches of their fiduciary duties;

18

C.     Directing the Company to take all necessary actions to reform and improve its corporate governance and internal procedures, to comply with the Company's existing governance obligations and all applicable laws and to protect the Company and its investors from a recurrence of the damaging events described herein;

D.     Awarding to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

E.     Granting such other and further relief as the Court deems just and proper.

### **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 22, 2015

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 19 of 20

**LITE DEPALMA GREENBERG, LLC**


By: */s/ Katrina Carroll*
Katrina Carroll
Kyle A. Shamberg
LITE DEPALMA GREENBERG LLC
211 W. Wacker Drive, Suite 500
Chicago, Illinois 60606
Tel. (312) 750-1265
kcarroll@litedepalma.com
kshamberg@litedepalma.com
Cook County Firm ID No. 47274

Thomas J. McKenna
Gregory M. Egleston
**GAINEY McKENNA & EGESTON**
440 Park Avenue South, 5th Floor
New York, New York 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-aw.com

*Counsel for Plaintiff*

## VERIFICATION

I, BETH SELTZER, declare that I have reviewed the Verified Shareholder Derivative Complaint ("Complaint") prepared on behalf of VASCO Data Security International, Inc. and authorize its filing. I have reviewed the allegations made in the Complaint, and to those allegations of which I have personal knowledge, I believe those allegations to be true. As to those allegations of which I do not have personal knowledge, I rely on my counsel and their investigation and for that reason believe them to be true. I further declare that I am a current holder, and have been a holder, of VASCO Data Security International, Inc. common stock at all relevant times.

9/14/15
Date

*Beth Seltzer*
BETH SELTZER

ELECTRONICALLY FILED
10/22/2015 11:35 AM
2015-CH-15541
PAGE 20 of 20

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| ☑SUMMONS | ☐ALIAS - SUMMONS  (2/18/11) CCG N001 |

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**COUNTY DEPARTMENT,** _____CHANCERY_____ **DIVISION**

No. 2015-CH-15541
----------------------------

BETH SELTZER;
_____
**(Name all parties)**

v.

VASCO DATA SECURITY INTL, INC.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Defendant Address:**

VASCO DATA SECURITY INTL. INC.
1901 S MEYERS RD
OAKBROOK TERRACE. IL 60181

**Summons**

**To each Defendant:**   ☑**SUMMONS**      ☐ **ALIAS - SUMMONS**

   **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

   ☑ **Richard J. Daley Center, 50 W. Washington, Room** _____802_____ ,Chicago, Illinois 60602

| ☐ **District 2 - Skokie**<br>**5600 Old Orchard Rd.**<br>**Skokie, IL 60077** | ☐ **District 3 - Rolling Meadows**<br>**2121 Euclid**<br>**Rolling Meadows, IL 60008** | ☐ **District 4 - Maywood**<br>**1500 Maybrook Ave.**<br>**Maywood, IL 60153** |
|---|---|---|
| ☐ **District 5 - Bridgeview**<br>**10220 S. 76th Ave.**<br>**Bridgeview, IL 60455** | ☐ **District 6 - Markham**<br>**16501 S. Kedzie Pkwy.**<br>**Markham, IL 60426** | ☐ **Child Support**<br>**28 North Clark St., Room 200**<br>**Chicago, Illinois 60602** |

**You must file within 30 days after service of this Summons, not counting the day of service.**

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

   **This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.**

Atty. No.: _____47274_____

Name: _____LITE DEPALMA GREENBERG LLC_____

Atty. for: _____BETH SELTZER_____

Address: _____1 S DEARBORN#2100_____

City/State/Zip: _____CHICAGO, IL 60603_____

Telephone: _____(312) 212-4383_____

**WITNESS,** Thursday, 22 October _____, 2015

_____
/s DOROTHY BROWN
Clerk of Court

**Date of service:** _____, _____
**(To be inserted by officer on copy left with defendant or other person)**

Service by Facsimile Transmission will be accepted at: _____

**(Area Code)        (Facsimile Telephone Number)**

**/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| 2120 - Served | |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS | (2/18/11) CCG N001 |

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**COUNTY DEPARTMENT,** _____CHANCERY_____ **DIVISION**

No. 2015-CH-15541
-------------------------

BETH SELTZER;
_____
(Name all parties)

v.

T. KENDALL HUNT
_____

**Defendant Address:**

T. KENDALL HUNT
1901 S MEYERS RD
OAKBROOK TERRACE. IL 60181

**Summons**

**To each Defendant:**     ☑ **SUMMONS**     ☐ **ALIAS - SUMMONS**

    **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** _____802_____ **,Chicago, Illinois 60602**

| | | |
|---|---|---|
| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

**You must file within 30 days after service of this Summons, not counting the day of service.**

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _____47274_____

Name: ___LITE DEPALMA GREENBERG LLC___

Atty. for: ___BETH SELTZER___

Address: ___1 S DEARBORN#2100___

City/State/Zip: ___CHICAGO, IL 60603___

Telephone: ___(312) 212-4383___

**WITNESS,** Thursday, 22 October _____, 2015 _____

_____
/s DOROTHY BROWN
Clerk of Court

Date of service: _____, _____

**(To be inserted by officer on copy left with defendant or other person)**

Service by Facsimile Transmission will be accepted at: _____

       **(Area Code)**       **(Facsimile Telephone Number)**

**/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS |

(2/18/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

No. 2015-CH-15541
------------------------------

BETH SELTZER;

(Name all parties)

v.

MICHAEL CULLINANE

**Defendant Address:**

MICHAEL CULLINANE
1901 S MEYERS RD
OAKBROOK TERRACE. IL 60181

### Summons

To each Defendant:        ☑ **SUMMONS**                ☐ **ALIAS - SUMMONS**

        **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** _____802_____ ,Chicago, Illinois 60602

| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
|---|---|---|
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF**
**REQUESTED IN THE COMPLAINT.**

**To the officer:**

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _____47274_____

Name: _____LITE DEPALMA GREENBERG LLC_____

Atty. for: _____BETH SELTZER_____

Address: _____1 S DEARBORN#2100_____

City/State/Zip: _____CHICAGO, IL 60603_____

Telephone: _____(312) 212-4383_____

**WITNESS,** Thursday, 22 October _____, 2015_____

_____

/s DOROTHY BROWN

Clerk of Court

Date of service: _____, _____

(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)        (Facsimile Telephone Number)

**/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | 2121 - Not Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS | (2/18/11) CCG N001 |

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**COUNTY DEPARTMENT,** _____CHANCERY_____ **DIVISION**

No. 2015-CH-15541

BETH SELTZER;

**(Name all parties)**

v.

JOHN FOX JR.

**Defendant Address:**

JOHN FOX JR.
1901 S MEYERS RD
OAKBROOK TERRACE. IL 60181

**Summons**

**To each Defendant:**   ☑ **SUMMONS**          ☐ **ALIAS - SUMMONS**

   **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** ____802____ ,**Chicago, Illinois 60602**

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

   **This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.**

Atty. No.: ____47274____

Name: ____LITE DEPALMA GREENBERG LLC____

Atty. for: ____BETH SELTZER____

Address: ____1 S DEARBORN#2100____

City/State/Zip: ____CHICAGO, IL 60603____

Telephone: ____(312) 212-4383____

**WITNESS,** Thursday, 22 October ____, 2015 ____

/s DOROTHY BROWN
Clerk of Court

Date of service: _____, _____
**(To be inserted by officer on copy left with defendant or other person)**

Service by Facsimile Transmission will be accepted at: _____

**(Area Code)          (Facsimile Telephone Number)**

**/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | 2221 - Not Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS | (2/18/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

No. 2015-CH-15541

BETH SELTZER;

(Name all parties)

v.

JEAN HOLLEY

**Defendant Address:**

JEAN HOLLEY
1901 S MEYERS RD
OAKBROOK TERRACE. IL 60181

**Summons**

To each Defendant:     ☑ SUMMONS          ☐ ALIAS - SUMMONS

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** _____802_____ ,Chicago, Illinois 60602

| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
|---|---|---|
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _____47274_____

Name: _____LITE DEPALMA GREENBERG LLC_____

Atty. for: _____BETH SELTZER_____

Address: _____1 S DEARBORN#2100_____

City/State/Zip: _____CHICAGO, IL 60603_____

Telephone: _____(312) 212-4383_____

WITNESS, Thursday, 22 October _____, 2015 _____

_____/s DOROTHY BROWN_____
Clerk of Court

Date of service: _____, _____

(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)          (Facsimile Telephone Number)

**/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | 2220 - Not Served |
|---|---|
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

☑ SUMMONS | ☐ ALIAS - SUMMONS | (2/18/11) CCG N001

---

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**COUNTY DEPARTMENT,** _____CHANCERY_____ **DIVISION**

BETH SELTZER;

**(Name all parties)**

v.

MATTHEW MOOG

No. 2015-CH-15541

**Defendant Address:**

MATTHEW MOOG
1901 S MEYERS RD
OAKBROOK TERRACE. IL 60181

**Summons**

**To each Defendant:** ☑ **SUMMONS** ☐ **ALIAS - SUMMONS**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** _____802_____ ,**Chicago, Illinois 60602**

| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
|---|---|---|
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _____47274_____

Name: _____LITE DEPALMA GREENBERG LLC_____

Atty. for: _____BETH SELTZER_____

Address: _____1 S DEARBORN#2100_____

City/State/Zip: _____CHICAGO, IL 60603_____

Telephone: _____(312) 212-4383_____

**WITNESS,** Thursday, 22 October _____, 2015_____

/s DOROTHY BROWN
Clerk of Court

Date of service: _____, _____
**(To be inserted by officer on copy left with defendant or other person)**

Service by Facsimile Transmission will be accepted at: _____

**(Area Code)          (Facsimile Telephone Number)**

**/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| ☑SUMMONS | ☐ALIAS - SUMMONS | (2/18/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

BETH SELTZER;

No. 2015-CH-15541

**(Name all parties)**

v.

**Defendant Address:**

CLIFFORD BOWN

CLIFFORD BOWN
1901 S MEYERS RD
OAKBROOK TERRACE. IL 60181

**Summons**

**To each Defendant:** ☑**SUMMONS** ☐**ALIAS - SUMMONS**

      **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** _____802_____ **,Chicago, Illinois 60602**

| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
|---|---|---|
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

**You must file within 30 days after service of this Summons, not counting the day of service.**

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

**Atty. No.:** _____47274_____

**Name:** _____LITE DEPALMA GREENBERG LLC_____

**Atty. for:** _____BETH SELTZER_____

**Address:** _____1 S DEARBORN#2100_____

**City/State/Zip:** _____CHICAGO, IL 60603_____

**Telephone:** _____(312) 212-4383_____

**WITNESS,** Thursday, 22 October _____, 2015

/s DOROTHY BROWN
**Clerk of Court**

**Date of service:** _____, _____

**(To be inserted by officer on copy left with defendant or other person)**

**Service by Facsimile Transmission will be accepted at:** _____

        **(Area Code)**      **(Facsimile Telephone Number)**

**/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| 2120 - Served | 2129 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS |

(2/18/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

No. 2015-CH-15541

BETH SELTZER;

(Name all parties)

v.

JAN VALCKE

**Defendant Address:**

JAN VALCKE
1901 S MEYERS RD
OAKBROOK TERRACE. IL 60181

### Summons

To each Defendant:          ☑ SUMMONS          ☐ ALIAS - SUMMONS

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____802_____ ,Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _____47274_____

Name: _____LITE DEPALMA GREENBERG LLC_____

Atty. for: _____BETH SELTZER_____

Address: _____1 S DEARBORN#2100_____

City/State/Zip: _____CHICAGO, IL 60603_____

Telephone: _____(312) 212-4383_____

**WITNESS,** Thursday, 22 October _____, 2015_____

/s DOROTHY BROWN

Clerk of Court

Date of service: _____, _____

(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)          (Facsimile Telephone Number)

**/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# Chancery DIVISION
## Litigant List

Printed on 10/22/2015

Case Number: 2015-CH-15541

Page 1 of 1

## Plaintiffs

| Plaintiffs Name | Plaintiffs Address | State | Zip | Unit # |
|---|---|---|---|---|
| BETH SELTZER | | | | |

Total Plaintiffs: **1**

## Defendants

| Defendant Name | Defendant Address | State | Unit # | Service By |
|---|---|---|---|---|
| VASCO DATA SECURITY INTL, INC. | 1901 S MEYERS RD OAKBROOK TERRACE, | IL | 60181 | Sheriff-Filer |
| T. KENDALL HUNT | 1901 S MEYERS RD OAKBROOK TERRACE, | IL | 60181 | Sheriff-Filer |
| MICHAEL CULLINANE | 1901 S MEYERS RD OAKBROOK TERRACE, | IL | 60181 | Sheriff-Filer |
| JOHN FOX JR. | 1901 S MEYERS RD OAKBROOK TERRACE, | IL | 60181 | Sheriff-Filer |
| JEAN HOLLEY | 1901 S MEYERS RD OAKBROOK TERRACE, | IL | 60181 | Sheriff-Filer |
| MATTHEW MOOG | 1901 S MEYERS RD OAKBROOK TERRACE, | IL | 60181 | Sheriff-Filer |
| CLIFFORD BOWN | 1901 S MEYERS RD OAKBROOK TERRACE, | IL | 60181 | Sheriff-Filer |
| JAN VALCKE | 1901 S MEYERS RD OAKBROOK TERRACE, | IL | 60181 | Sheriff-Filer |

Total Defendants: **8**